**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| WILLIAM C. MERRITT, JR. and ARCHIE L. KEE, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civ. No. 11-887-LPS |
| | : | |
| STATE OF DELAWARE, et al., | : | |
| | : | |
| Defendants. | : | |

William C. Merritt, Jr. and Archie L. Kee, Garysburg, North Carolina, Pro Se Plaintiffs.

**MEMORANDUM OPINION**

August 3, 2012
Wilmington, Delaware

STARK, U.S. District Judge:

## I.   INTRODUCTION

Plaintiffs William C. Merritt, Jr. ("Merritt") and Archie L. Kee ("Kee") (together "Plaintiffs") filed this action pursuant to 42 U.S.C. § 1983, alleging violations of their constitutional rights.[1] They appear *pro se* and have been granted leave to proceed *in forma pauperis*. (D.I. 6) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915.

## II.   BACKGROUND

On March 16, 2011, Plaintiffs were traveling through Delaware en route to North Carolina when they were stopped for speeding by Defendant Corporal Brietzke ("Brietzke"). Merritt was driving the vehicle that Kee had rented. Brietzke and his assistant searched the rental car without permission and with no search warrant. They discovered a loaded firearm in the glove compartment. Plaintiffs were arrested, taken to Delaware State Police Troop #6 Headquarters ("Troop #6") and, later in the morning, transferred to the Howard R. Young Correctional Center ("HRYCI") in Wilmington, Delaware. (D.I. 1)

Both Plaintiffs were charged with violating several Delaware criminal statutes. They posted bail and were released on March 25, 2011. On May 27, 2011, the State nolle prossed all charges. The criminal docket sheets for both Plaintiffs indicate "due process (bad search)." The criminal cases were closed the same day. (D.I. 1)

---

[1]Pursuant to 42 U.S.C. § 1983, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiffs allege that, while held at the HRYCI, they received no medication and had no contact with the medical staff for several days. Merritt is sixty-six years old and has chronic obstructive pulmonary disease and congestive heart failure. Kee is a diabetic. Plaintiffs were medically screened, but the medical department declined to follow the primary physicians' orders in administering correct doses of medication or treatment. Plaintiffs complain that they had to sleep on the floor and received no breakfast following their transfer to the HRYCI. (D.I. 1)

Plaintiffs allege an unlawful search in violation of the Fourth and Fourteenth Amendments, deliberate indifference to medical needs, and unlawful conditions of confinement. They seek compensatory and punitive damages. In addition to Brietzke, named defendants include the State of Delaware, Troop #6, Sergeant Parks ("Parks"), and Warden Phillip Morgan ("Warden Morgan").

## III.  **LEGAL STANDARDS**

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiffs proceed *pro se*, their pleading is liberally construed and their Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (internal quotation marks omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a

2

complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28*; see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiffs leave to amend their Complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). When determining whether dismissal is appropriate, the Court conducts a two-part analysis. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *See id.* The Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *See id.* at 210-11. The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. Second, the Court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Fowler*, 578 F.3d at 211. In other

words, the complaint must do more than allege the plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 678. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

## IV. DISCUSSION

### A. Eleventh Amendment Immunity

Plaintiffs' claims against the State of Delaware and Troop #6 are barred by the State's Eleventh Amendment immunity. *See MCI Telecom. Corp. v. Bell Atl. of Pa.*, 271 F.3d 491, 503 (3d Cir. 2001). The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens or citizens of another state, regardless of the relief sought. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). "Absent a state's consent, the eleventh amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978) (*per curiam*)). Further, a state agency, such as the Delaware State Police, "is not a person" subject to claims under 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The State has not waived its immunity from suit in federal court, and although Congress can abrogate a state's sovereign immunity, it did not do so through

4

the enactment of 42 U.S.C. § 1983. *See Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. Jan. 11, 2007) (not published).

The State of Delaware and Troop #6, are immune from suit. Therefore, the Court will dismiss the claims against them pursuant to 28 U.S.C. § 1915(e)(2)(B).

## B. Personal Involvement/Respondeat Superior

Defendant Parks is mentioned only in the caption of the Complaint. Plaintiffs allege that Warden Morgan is "responsible for jeopardizing the lives of Plaintiffs plus unsanitary conditions and cruel and inhumane treatment. Denial of medical attention and denial of access to law library and no exercise of any kind outdoors." (D.I. 1 at Contentions ¶ 15) Based upon the allegations directed against Warden Morgan, it appears that he is named as a as defendant based upon his supervisory position.

Supervisory liability cannot be imposed under § 1983 on a respondeat superior theory.[2] *See Iqbal*, 556 U.S. 662; *Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). "'A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.'" *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005)

---

[2]In *Iqbal*, 556 U.S. at 669, the plaintiff alleged supervisory officials violated his rights because one official was the "principal architect" of the policy, and another was "implemental" in adoption and execution of the policy. The Supreme Court found the allegations facially insufficient. *See id.* at 676 (quoting *Robertson v. Sichel*, 127 U.S. 507, 515-516 (1888), for the proposition that "[a] public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligences, or omissions of duty, of the subagents or servants or other persons properly employed by or under him, in the discharge of his official duties").

(quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)).[3] "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677.

Facts showing personal involvement of the defendant must be asserted; such assertions may be made through allegations of specific facts showing that a defendant expressly directed the deprivation of a plaintiff's constitutional rights or created such policies where the subordinates had no discretion in applying the policies in a fashion other than the one which actually produced the alleged deprivation; *e.g.,* supervisory liability may attach if the plaintiff asserts facts showing that the supervisor's actions were "the moving force" behind the harm suffered by the plaintiff. *See Sample v. Diecks*, 885 F.2d 1099, 1117-118 (3d Cir. 1989); *see also Iqbal*, 556 U.S. at 677-87; *City of Canton v. Harris*, 489 U.S. 378 (1989); *Heggenmiller v. Edna Mahan Corr. Inst. for Women*, 128 F. App'x 240 (3d Cir. Apr. 11, 2005) (not published).

Plaintiffs provide no specific facts showing how Defendant Parks or Warden Morgan violated their constitutional rights, that Parks or Morgan expressly directed the deprivation of Plaintiffs' constitutional rights, or that these Defendants created policies wherein subordinates had no discretion but to apply them in a fashion which actually produced the alleged deprivation. The allegations in the Complaint do not satisfy the *Iqbal* pleading requirements. The claims against Parks and Warden Morgan are facially insufficient. Accordingly, the claims will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[3]In light of *Iqbal*, it is uncertain whether proof of personal knowledge, with nothing more, provides a sufficient basis to impose liability upon a supervisory official. *See Bayer v. Monroe Cnty. Children and Youth Services*, 577 F.3d 186, 190 n.5 (3d Cir. 2009)

## C. **Medical Needs**

Plaintiffs were medically screened upon their arrival at the HRYCI and received medication although, according to them, the doses were incorrect. In essence, they allege that Defendants denied them appropriate medical treatment.

Plaintiffs were pretrial detainees during the time they were housed at the HRYCI. As pretrial detainees, the Due Process Clause of the Fourteenth Amendment affords Plaintiffs protection for their medical needs. *See Ingraham v. Wright*, 430 U.S. 651, 671-72 n.40 (1977); *see also Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). When evaluating whether a claim for inadequate medical care by a pre-trial detainee is sufficient under the Fourteenth Amendment, the Third Circuit has found no reason to apply a different standard than that set forth in *Estelle v. Gamble*, 429 U.S. 97 (1976). *See Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003).

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *See Estelle*, 429 U.S. at 103-05. In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *See id.* at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." *Estelle*, 429 U.S. at 104-05.

So long as the treatment provided is reasonable, "a prisoner has no right to choose a specific form of medical treatment." *Lasko v. Watts*, 373 F. App'x 196, 203 (3d Cir. Apr. 10, 2010) (not published) (internal quotation marks omitted). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *See Estelle*, 429 U.S. at 107. Moreover, allegations of medical malpractice are not sufficient to establish a Constitutional violation. *See White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986) (stating negligence is not compensable as Constitutional deprivation). Finally, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004).

Even when reading the Complaint in the light most favorable to Plaintiffs, it fails to state an actionable constitutional claim for deliberate indifference to a serious medical need. Rather, the Complaint alleges that Plaintiffs were medically screened and received medication for their medical conditions, albeit allegedly in incorrect dosages. At most, the allegations fall under the aegis of medical malpractice/negligence claims, rather than constitutional clams. Finally, the Complaint contains no allegations directed against any individual with regard to the medical needs claim. Therefore, the claims will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

8

## D.    Conditions of Confinement

Plaintiffs were held at Troop #6, for what appears to have been an overnight stay, before they were transferred to the HRYCI. They allege that while at Troop #6 they were cuffed to a bench, forced to sleep on the floor, and had no access to drinking water, the bathroom, or medical attention. Plaintiffs were held at the HRYCI for nine days. They allege that at the HRYCI they received no breakfast upon their arrival, slept on the floor, and were housed three to a cell, with one toilet. Utensils were kept in a communal box and everyone reached in to retrieve the utensils. Finally, no outdoor exercise was provided unless a detainee had a court appearance.

"[W]hen pretrial detainees challenge their conditions of confinement, [the court] must consider whether there has been a violation of the Due Process Clause of the Fourteenth Amendment." *Hubbard v. Taylor*, 538 F.3d 229, 231 (3d Cir. 2008). "[T]he proper inquiry is whether those conditions amount to punishment of the detainee." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). To determine whether challenged conditions of confinement amount to punishment, the "*Bell* Court mandated a pragmatic approach . . . and formulated the 'reasonable relationship' test. . . ." *Stevenson v. Carroll*, 495 F.3d 62, 67 (3d Cir. 2007). Under that test, "if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to punishment." *Bell*, 441 U.S. at 539 (internal quotation marks omitted).

Prison officials must satisfy inmates' "basic human needs," including food, clothing, shelter, medical care, and reasonable safety. *Helling v. McKinney*, 509 U.S. 25, 32 (1993). To satisfy the objective component, an inmate must show that he was subjected to genuine privation and hardship over an extended period of time. *See Bell*, 441 U.S. at 542 (confining pretrial

9

detainees "in such a manner as to cause them to endure genuine privations and hardship over an extended period of time might raise serious questions under the Due Process Clause as to whether those conditions amounted to punishment"); *Hutto v. Finney*, 437 U.S. 678, 686-87 (1978) ("[T]he length of confinement cannot be ignored in deciding whether the confinement meets constitutional standards. A filthy, overcrowded cell and a diet of 'gruel' might be tolerable for a few days and intolerably cruel for weeks or months.").

In the instant case, Plaintiffs allege that, for a nine-day period, they were housed three to a cell, with one lavatory, slept on the floor, had communal utensils, and no access to outdoor recreation. Plaintiffs' allegations fail to satisfy the objective component. The allegations are not sufficiently serious inasmuch as they do not show that Plaintiffs endured genuine privations and hardship over an extended period of time. *See Hubbard*, 538 F.3d at 235 (holding that triple celling of pretrial detainees and use of floor mattresses did not violate Due Process because inmates were not subjected to genuine privations and hardship over an extended period of time).

Similarly, the allegations fail to satisfy the subjective component of a conditions of confinement claim under the Due Process Clause. The Complaint does not assert facts showing that each (or any) named individual defendant participated in the alleged wrongdoing or was deliberately indifferent to Plaintiffs' health or safety. *See* ¶ IV.B, *supra.*

The Complaint fails to contain allegations that rise to the level of a constitutional claim with regard to the conditions of confinement at either Troop #6 or the HRYCI. Therefore, the Court will dismiss the claim as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

## V.    **CONCLUSION**

For the above reasons, the Court will dismiss as frivolous the claims against the State of

Delaware, Troop #6, Sergeant Parks, and Warden Phillip Morgan, as well as the medical needs

and conditions of confinement claims, pursuant to 28 U.S.C. § 1915(e)(2)(B). As to these

Defendants and these claims, amendment would be futile.

Plaintiffs will be allowed to proceed against Corporal Brietzke on the unlawful search

claim.

An appropriate Order follows.

11