## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM C. MERRITT, JR. and | : | |
| ARCHIE L. KEE, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civ. No. 11-887-LPS |
| | : | |
| JOSEPH R. BIDEN, III, et al., | : | |
| | : | |
| Defendants. | : | |

William C. Merritt, Jr. and Archie L. Kee, Garysburg, North Carolina, Pro Se Plaintiffs.

## MEMORANDUM OPINION

June 25, 2013
Wilmington, Delaware

**STARK, U.S. District Judge:**

## I.      INTRODUCTION

Plaintiffs William C. Merritt, Jr. ("Merritt") and Archie L. Kee ("Kee") (together

"Plaintiffs") filed this action pursuant to 42 U.S.C. § 1983 alleging violations of their

constitutional rights.[1]  They appear *pro se* and have been granted leave to proceed *in forma*

*pauperis*.  (D.I. 6)  The Court reviewed and screened the Complaint pursuant to 28 U.S.C.

§ 1915 and allowed Plaintiffs to proceed against Defendant Corporal Brietzke ("Brietzke").

Plaintiffs have filed an Amended Complaint adding as a defendant Joseph R. Biden, III

("Biden"), the Attorney General of the State of Delaware.  The Court proceeds to review and

screen the Amended Complaint.

## II.      BACKGROUND

The allegations in the Amended Complaint are similar to those found in the original

Complaint.  Plaintiffs now add that Biden did not follow proper due process.  (*See* D.I. 9)

## III.      LEGAL STANDARDS

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* actions

that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is

immune from such relief.  *See* 28 U.S.C. § 1915(e)(2).  The Court must accept all factual

allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff.

*See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Phillips v. County of Allegheny*, 515 F.3d 224,

229 (3d Cir. 2008).  Because Plaintiffs proceed *pro se*, their pleading is liberally construed and

---

[1]Pursuant to 42 U.S.C. § 1983, a plaintiff must allege that some person has deprived him
of a federal right, and that the person who caused the deprivation acted under color of state law.
*See West v. Atkins*, 487 U.S. 42, 48 (1988).

1

their Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (internal quotation marks omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant a plaintiff leave to amend its complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). When determining whether dismissal is appropriate, the Court conducts a two-part analysis. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *See id.* The Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *See id.* at 210-11. The

2

assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. Second, the Court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Fowler*, 578 F.3d at 211. In other words, the complaint must do more than allege the plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 678. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

## IV. DISCUSSION

The Amended Complaint adds Biden to the caption but does not refer to him again until it alleges in a conclusory manner that he "did not follow proper due process." There are no other allegations directed towards Biden.

Prosecutors should not be encumbered by the threat of civil liability while performing judicial or quasi-judicial functions. *See Odd v. Malone*, 538 F.3d 202, 208 (3d Cir. 2008). A prosecutor enjoys absolute immunity from liability for actions taken in connection with judicial proceedings. *See id., aff'd sub. nom., Schneyder v. Smith*, 653 F.3d 313 (3d Cir. 2011). Generally, then, activities conducted in court, such as presenting evidence or legal arguments, are within the scope of prosecutorial immunity. *See Giuffre v. Bissell*, 31 F.3d 1241, 1251 (3d Cir. 1994) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). In addition, absolute immunity

3

from § 1983 claims attaches to a prosecutor's decision to initiate a prosecution. *See Imbler*, 424 U.S. at 424. Prosecutorial activities outside the courtroom receive the same protection only if they are "intimately associated with the judicial phase of the criminal process." *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009) (internal quotation marks omitted).

Here, Plaintiffs merely allege that Biden did not follow proper due process. They present no facts to support this allegation. Consequently, the Court concludes that the claim against Biden has no arguable basis in law or in fact. Even when reading the Amended Complaint in the light most favorable to Plaintiffs, it fails to state an actionable constitutional claim against Biden. Therefore, the claim will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## V.    SHOW CAUSE MOTION

The Court will deny Plaintiffs' motion for order of show cause (D.I. 10) as premature. Plaintiffs move for an order for Defendants to file an answer, but only one Defendant remains and he has not yet been served.

## VI.    CONCLUSION

For the above reasons, the Court will dismiss as frivolous the claim against Biden pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Plaintiffs will be allowed to proceed against Corporal Brietzke.

An appropriate Order follows.

4